[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2005
THOMAS K. KAHN
CLERK

No. 04-15214
Non-Argument Calendar

_____

D. C. Docket No. 04-00030-CR-F-N-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNELL NORWOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(July 20, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Donnell Norwood appeals his conviction for one count of possession with

intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Norwood argues that the evidence was insufficient to support his conviction, and that the district court erred when it denied his motions for a judgment of acquittal and a new trial. We conclude that the government presented more than enough evidence to prove the elements of count 21 U.S.C. § 841(a)(1), and therefore affirm Norwood's conviction.

When reviewing sufficiency of the evidence claims, we will consider de novo "the evidence in the light most favorable to the government, accepting all reasonable inferences which support the verdict, and affirm the conviction if a reasonable trier of fact could conclude that the evidence establishes guilt beyond a reasonable doubt." United States v. Andrews, 953 F.2d 1312, 1318 (11th Cir. 1992).

"In order to convict a defendant for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), a jury must find first that the defendant possessed the controlled substance knowingly and wilfully, and second that he possessed the substance with the intent to distribute it." United States v. Anderson, 289 F.3d 1321, 1325 (11th Cir. 2002). Norwood was a passenger in a vehicle pulled over by a state trooper, who, when conducting a search incident to arresting the driver, discovered two large travel bags containing cocaine and a

number of counterfeit bills. In part, the government produced the following evidence: (1) one of the bags containing cocaine had an identification tag bearing Norwood's name; (2) testimony by the trooper that Norwood acknowledged that the bag was his and seemed nervous; (3) testimony by a government agent that the drug packaging and quantity were consistent with those intended for distribution; and (4) hotel and air travel receipts, along with a government agent's testimony that Norwood's travel behaviors (purchasing a one way ticket and two hotel rooms, all in cash) was consistent with the traveling behaviors of drug couriers.

We conclude that a reasonable trier of fact could find that this evidence established beyond a reasonable doubt that Norwood both possessed and intended to distribute cocaine. Because we conclude that the evidence was sufficient to support Norwood's conviction, his argument that the district court erred when it denied his motion for a judgment of acquittal is without merit. See United States v. Bowman, 302 F.3d 1228, 1237 (11th Cir. 2002) (holding that if evidence was sufficient to support the conviction, then the motion for acquittal was properly denied). Norwood further argues that the district court erred by denying his motion for a new trial. We find that this claim is without merit because Norwood cites to no newly discovered evidence, he simply reasserts his sufficiency of the evidence argument.

Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1]      Norwood's request for oral argument is denied.